**FILED**

**JUNE 10, 2009**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT



United States District Court for Northern District of Illinois

| | |
|---|---|
| Jaime Hernandez | ) |
| **Plaintiff** | ) |
| | ) |
| v. | ) |
| | ) |
| Cook County Sheriff Tom Dart, Cook | ) |
| County Sheriff Deputies' Christopher Olejarz | ) |
| #4525, Johnson #5079, Sgt. James Morrissey | ) |
| #____ (then #4283), Christopher Dangles | ) |
| #5257, Sgt. Thomas Boyd #301, Greg Gayden | ) |
| #2432, Chad A. Harris #_____, Sgt. Randy | ) |
| Rodriguez #267, Phillip D. Mackey #_____, | ) |
| Christine Migleri #3220, Eric Gross #4043, | ) |
| Jason Reynolds #3403. Former Cook County | ) |
| State's Attorney Dick Devine; Atty. David | ) |
| Wessel, Atty. Russell Stewart, Cook County | ) |
| Circuit Court Judge Maria Kuriakos-Ciesil, | ) |
| Cook County Circuit Judge Thomas More | ) |
| Donnelly, Cook County Assistant State's | ) |
| Attorney's Andrea Kirsten and Sara Karr. | ) |
| AND UNKNOWN OTHERS | ) |
| **DEFEENDANTS** | |

**09CV661**
**JUDGE MANNING**
**MAGISTRATE JUDGE VALDEZ**

**RECEIVED**
Feb 2 2009
FEB 0 2 2009 .T.C.
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT.

# VERIFIED COMPLAINT

## PART I: SUMMARY OF THE CASE

1. This is a suit in law and equity against Defendants in their official and/or personal capacities for-- without legal authority or just cause-- violating Plaintiff's ("Jaime Hernandez") inalienable rights, which at all time relevant to the matters in regard to which Jaime Hernandez herein complains were protected by the provisions of the common law, state administrative and statutory, federal statutory laws, and/or provisions of the state and federal constitutions applicable at the time of the developments described herein, *inter alia,* by falsely imprisoning and arresting Plaintiff in the Richard J. Daley Center in Chicago, Illinois (henceforth "the Daley Center") and for falsely prosecuting Him without probably cause, and especially for doing so as part of a pattern of retaliation against many citizens, including Plaintiff, who have and has exercised their and his constitutionally protected rights to expose the misdeeds of Their and His public servants, including some of the employees of one of the most powerful occupants of the Daley Center-- the Sheriff of Cook Country (henceforth "the Sheriff"), Whose Office is a political subdivision of the State of Illinois. Plaintiff thus alleges illegal actions committed by Defendants that exceeded the scope of Their authority, constituting an exception to the normal policy that claims against Municipal actors in the performance of their duties are precluded by qualified immunity. Primarily, the relief sought by Plaintiff in this suit is a preliminary and then a permanent injunction ordering the Sheriff to cease and desist from and from preventing Plaintiff from using the various courthouses in Cook County as He hitherto has done and has a right or privilege to do in any and all lawful ways. Secondarily, Plaintiff seeks all other relief to which He is entitled, including compensatory, and, if available, punitive damages.

## PART II: JURISDICTION AND VENUE

2

2. This Court, being a court of general jurisdiction, has-- per § 9 of Art. VI of the Illinois Constitution, the Declaratory Action Act 735 ILCS 5/2-701, and the R.I.C.O. Act 18 USC 1964(c)-- subject matter jurisdiction to entertain and to decide Plaintiff's justiciable claims of a common law, statutory law, constitutional law, and equitable nature, whose claims include but are not limited to claims brought pursuant to the right of citizens to sue for constitutional violations 42 USC 1983, conspiracy violations 42 USC 1985(2) and (3) and 42 USC 1986, violations of the First and Fourth Articles of the U.S. Bill of Rights, violations of § 1(b) and (e) the 14th Amendment to the U.S. Constitution, R.I.C.O. Act violations 18 USC 1962(c). B) Moreover, since all Parties were and are located-- and the action in this case took place-- in Cook County, Illinois, the venue of this lawsuit is also appropriate.

# PART III: THE FACTS AND PLAINTIFF'S ALLEGATIONS THEREABOUT

## Part IIIA: Introduction

3. Ever since the 1980s Plaintiff has discovered that He has involuntarily become a member of that small but growing class of American and Illinois citizens who feel compelled to exercise their rights *inter alia* to free speech and to petition their government for redress of grievances in order to expose and to seek a remedy for their collective and individual mistreatment by their public servants, including Defendants, as manifested by Their incompetence, arbitrarily authoritarian and anti-democratic attitudes, and Their resentment and mistreatment of those vocal minority (as well as non-minority) citizens who demand from Them the same respect and good customer service that they expect and normally receive from private persons in commerce.

4. Plaintiff tends to believe that the USA and Illinois have become increasingly communistic polities, and He has sought to counter said trend, to help stem the rising tide of communism, and to support a more classically and naturally republican nation and State, and He has done so by publicly advocating against public and private collectivism and corruption and for more transparency and accountability in government. Specifically, Plaintiff has sought to interview His errant public servants; has written them letters; has published same on His website, www.injusticexposed.org; has demonstrated outside of governmental buildings by dressing as Uncle Sam, carrying signs, and passing out leaflets; has filed several previous actions Himself in

3

state and federal courts; and has served as a bystander witness for acquaintances in their own state and federal court actions.

5. § 23 of the Illinois Bill of Rights guarantees to all Illinoisans the right to "frequent recurrence to the fundamental principles of civil government" without governmental harassment in the fulfillment of their "individual obligations and responsibilities" to "preserve the blessings of liberty." One of the important ways that Illinoisans can fulfill, have fulfilled, and still fulfill their "individual obligations and responsibilities" to "preserve the blessings of liberty" is by serving as court-watchers in Illinois courtrooms.

6. This important role was once performed in Cook County by trained court-watchers of the Better Government Association in downtown Chicago, who would complete written reports on their pre-printed forms and send them to the Chief Judge of the County. But that program, tragically for Cook County justice, died for lack of funding. When it was functioning, however, many court personnel, including private attorneys, public defenders, and even occasional prosecutors would privately tell the BGA court-watchers that what transpired in courtrooms was very different when the BGA court-watchers were present from what transpired there when they were absent. Judicial, law enforcement, and clerical conduct in Cook County courtrooms was usually on its best behavior when BGA court-watchers were present, because they knew that they were being watched, by name, and that their individual and collective conduct would be reported to and read by the Chief Judge. Since the death of the BGA program, court proceedings have become noticeably less courteous and more lawless, so that private-- and in some instances, admittedly untrained-- court-watchers have felt compelled to "stand in the gap." Despite the absence of badges and pre-printed forms, such private court-watchers still perform a useful service insofar as they can and often do send their private reports to the Chief Judge, and they can and do also write affidavits for indigent litigants who cannot afford court-reporters about what they observed in the courtroom that they observed. Such bystander reports and affidavits are frequently the only source of 'objective' information about what takes place in Cook County courtrooms, now that official court-reporters have been removed from almost all Cook County civil courtrooms and now that official court-reporters in Cook County criminal courtrooms are increasingly subject to corrupt judicial influence to alter their transcripts.

**Part IIIB: Harassment by Sheriff's Personnel While Serving as Court watcher**

7.  On the day in question in this lawsuit, 2/2/2007, Plaintiff was quietly sitting and observing in Courtroom 1506 of the Daley Center, and upon exiting said courtroom for a 'breather,' was quietly standing in the hallway outside thereof, along with other people who were also standing and/or sitting there.

8.  Suddenly Plaintiff found Himself surrounded by uniformed and armed Sheriff's deputies, Defendants, who informed Him that He had to leave. Because Plaintiff knew that He was doing nothing illegal but was, in fact, and despite His temporary 'breather' in the hallway, performing an important public service that day by serving—in the absence of official court-watchers, who no longer exist in Cook County—as an unofficial court-watcher, He asked the Deputy Defendants why they were demanding His departure from the courthouse that day.

9.  Because of the inability of the Deputies to articulate to Him a single reason for Their unconstitutional demand that He leave but just kept repeating it, Plaintiff kept demanding a reason for Their demand.

10.  When Plaintiff repeated "Why?" after The Deputies' third demand, They arrested Him, as it turns out, for "trespass to state-supported land," 720 ILCS 5/21-5. Said statute, however, requires that any such alleged trespass "interfere with another person's lawful use or enjoyment of such building or land," which "other person" neither said Deputies nor the State, in Plaintiff's subsequent criminal prosecution, were able to identify.

11. Eventually, assisted by Judge T. M. Donnelly, the State amended the charge to assert that Jaime Hernandez had interfered with CCSD Deputy C. Olejarz's use and enjoyment of the building.

12. This charge was eventually dismissed on the basis that no evidence was presented at trial demonstrating that the building in which Jaime Hernandez had been arrested constituted state supported land.

11.  Regrettably, Plaintiff's false imprisonment and false arrest by His Sheriff Deputy persecutors (actually, the orders for Plaintiff's persecutory arrest undoubtedly evidently came from an unknown person much higher up in the law enforcement and/or political chain of command, as usually happens in these cases of unlawful penalty for the exercise of constitutional rights) while He was performing a patriotic service to an acquaintance and to His County, State, and Country, both so emotionally upset and disturbed Him, which, in turn, so antagonized His Sheriff Deputy persecutors that what happened next that day remains very much disputed. Plaintiff was subsequently re-arrested several times, while in the custody of said Deputies on the day of His initial arrest, for such alleged "crimes" as "resisting arrest, continuing to interfere with Their performance of Their official duties, and battery." Plaintiff claims that all such subsequent

"crimes" that He was alleged to have committed were manufactured out of whole cloth as 'added insurance' that one or more of them would stick in criminal court, which, of course, is precisely what the homage jury that had been purged of all citizens skeptical of law enforcement decided, causing it to convict Plaintiff, which resulted in a judicially imposed sentence of 30 days in jail, because said jury was so greatly brainwashed by unconscionable and lawless prosecutors and not helped to understand the political harassment in this case by an establishmentarian and incompetent defense attorney who was compelled against his will to defend Plaintiff.

12.  Plaintiff claims, of course, that all of the "crimes" He was alleged to have committed subsequent to His initial and provably false arrest, were "poisonous fruits of a poisonous tree." Such a claim, being currently disallowed, in general, by judge-made "law," Plaintiff is reluctantly not suing to vindicate it. The reader and future juror who may decide this case is here advised of Plaintiff's position, however, that that is exactly the nature of this case.


## PART IV: COUNT ONE:
### COMMON LAW FALSE IMPRISONMENT
### UNCONSTITUTIONAL UNREASONABLE SEIZURE
### ART. IV U.S. BILL OF RIGHTS
### VIA 14TH AMENDMENT U.S. CONSTITUTION AND 42 USC 1983


13.  Parts I-III of this Complaint are incorporated in their entirety, as though fully set forth herein.

14.  False imprisonment has traditionally been defined as any unlawful, intentional show of force by which a person is compelled to remain where he or she does not wish to and has no duty to, remain, thus depriving him or her of his or her liberty and property interests therein.

15.  At all times relevant Plaintiff had a common law and Article IV of the U.S. Bill of Rights right to be free from being falsely imprisoned by His public servants, the herein named Defendants.

16.  At all times relevant Defendants, the Cook County Sheriff Deputies, Sgt.'s and unknown others had a common law and Article IV of the U.S. Bill of Rights, and Official Misconduct 720 ILCS 5/33-3 duty to refrain from falsely imprisoning Plaintiff.

17.  At all times relevant the Defendants named in this Count had the above said duties, notwithstanding the fact that They may not be "amenable to justice," according to the general principle of law articulated in 720 ILCS 5/8-2.1(b)(3).

6

18. On ___ in the Daley Center and in the courthouse at 555 W. Harrison St., without lawful authority or just cause, the Defendants named in this Count breached said duties and deprived Plaintiff of His protected liberty and property interests to be free from false imprisonment when They compelled Him-- both before and after His arrest—to stay put and later to go with Them to jail for allegedly "interfere[ing] with another person's lawful use or enjoyment of such building or land," when, in fact, there was no such "other person" who was only a figment of Their imagination.

19. The Defendants named in this Count were at all times acting under the color of State law but when they committed the tort against Plaintiff that is herein alleged.

20. Plaintiff was injured by the actions of the Defendants named in this Count in that He was prevented from returning to a public area, a public courtroom, a public building, and a public forum, by said Defendants, Plaintiff's public servants, who committed said deeds without lawful authority or just cause, thus preventing His performance of His own public service as a court-watcher, and Plaintiff was injured in that Plaintiff lost time (which is money that He could have been earning) when He was forced into custody and when He was then compelled to spend money unnecessarily in order to defend Himself in criminal court. Finally, Plaintiff was and is injured in that He was and is compelled to endure the on-going private humiliation and emotional distress of the previously mentioned indignities.

21. The Defendants named in this Count were the proximate causes of Plaintiff's injuries, because those injuries were a direct result of Their personal words and/or deeds, which words and deeds, on information and belief, They would not today deny.

22. Plaintiff prays for a jury trial on all matters triable by jury, declaratory judgment against the above named Defendants in this Count for the causes brought herein, compensatory damages of $ _____ from each Defendant, punitive damages if available, injunctions as requested below, and any other relief that this Court and/or His jury finds just and equitable.


**PART V: <u>COUNT TWO</u>**
**COMMON LAW FALSE ARREST**
**UNCONSTITUTIONAL UNREASONABLE SEIZURE**
**ART. IV U.S. BILL OF RIGHTS**
**VIA 14TH AMENDMENT U.S. CONSTITUTION AND 42 USC 1983**

23. Parts I-III of this Complaint are incorporated in their entirety, as though fully set forth herein.

24. False arrest has traditionally been defined as the assertion of lawful authority to arrest with intention to effect an arrest that restrains (whether tangibly or intangibly) the person arrested, who reasonably believes that he or she has been arrested and who, therefore, does not attempt to escape from the restraint exerted for fear of being found guilty of resisting arrest.

25. At all times relevant Plaintiff had a common law and Article IV of the U.S. Bill of Rights right to be free from being falsely arrested by His public servants, the herein named Defendants.

26. At all times relevant Defendants the Cook County Sheriff Deputies and Sgt.'s and unknown others had a common law and Article IV of the U.S. Bill of Rights, and Illinois statutory, Official Misconduct 720 ILCS 5/33-3, duty to refrain from falsely arresting Plaintiff.

27. At all times relevant the Defendants named in this Count had the above said duties, notwithstanding the fact that They may not be "amenable to justice," according to the general principle of law articulated in 720 ILCS 5/8-2.1(b)(3).

28. On 2/2/07 in the Daley Center, without lawful authority or just cause, the Defendants named in this Count breached said duties and deprived Plaintiff of His protected liberty and property interests to be free of false arrest when They arrested Him for allegedly "interfere[ing] with another person's lawful use or enjoyment of such building or land," when, in fact, there was no such "other person" who was only a figment of Their imagination.

29. The Defendants named in this Count were at all times acting under the color of State law but when they committed the tort against Plaintiff that is herein alleged.

30. Plaintiff was injured by the actions of the Defendants named in this Count in that He was prevented from returning to a public area, a public courtroom, a public building, and a public forum, by said Defendants, Plaintiff's public servants, who committed said deeds without lawful authority or just cause, thus preventing His performance of His own public service as a court-watcher, and Plaintiff was injured in that Plaintiff lost time (which is money that He could have been earning) when He was forced into custody and when He was then compelled to spend money unnecessarily in order to defend Himself in criminal court. Finally, Plaintiff was and is injured in that He was and is compelled to endure the on-going private humiliation and emotional distress of the previously mentioned indignities.

31. The Defendants named in this Count were the proximate causes of Plaintiff's injuries, because those injuries were a direct result of Their personal words and/or deeds, which words and deeds, on information and belief, They would not today deny.

8

32.   Plaintiff prays for a jury trial on all matters triable by jury, declaratory judgment against the above named Defendants in this Count for the causes brought herein, compensatory damages of $ ~~50,000~~ from each Defendant, punitive damages if available, injunctions as requested below, and any other relief that this Court and/or His jury finds just and equitable.

## PART VI: <u>COUNT THREE</u>: COMMON LAW MALICIOUS PROSECUTION

33.   Parts I-III of this Complaint are incorporated in their entirety, as though fully set forth herein.

34.   Malicious prosecution has traditionally been defined as the initiation and/or continuation of a prosecution without lawful authority or just cause for doing so.

35.   At all times relevant Plaintiff had a common law right to be free from being maliciously prosecuted by His public servants, the herein named Defendants.

36.   At all times relevant Defendants Cook County Assistant State's Attorney's Sara Karr, Andrea Kirsten and unknown others had a common law and Illinois statutory duty, Official Misconduct 720 ILCS 5/33-3, to refrain from maliciously prosecuting Plaintiff.

37.   At all times relevant the Defendants named in this Count had the above said duties, notwithstanding the fact that They may not be "amenable to justice," according to the general principle of law articulated in 720 ILCS 5/8-2.1(b)(3).

38.   On _____ ~~in the Daley Center and/~~at the courthouse at 555 W. Harrison St., *All of the dates enumerated herein at* without lawful authority or just cause, the Defendants named in this Count breached said duties and deprived Plaintiff of His protected liberty and property interests to be free from malicious prosecution when They maliciously prosecuted Him for allegedly "interfere[ing] with another person's lawful use or enjoyment of such building or land," when, in fact, there was no such "other person" who was only a figment of Their imagination.

39.   The Defendants named in this Count were at all times acting under the color of State law but when they committed the tort against Plaintiff that is herein alleged.

40.   Plaintiff was injured by the actions of the Defendants named in this Count in that He was prevented from returning to a public area, a public courtroom, a public building, and a public forum, by said Defendants, Plaintiff's public servants, who committed said deeds without lawful authority or just cause, thus preventing His performance of His own public service as a court-

9

watcher, and Plaintiff was injured in that Plaintiff lost time (which is money that He could have been earning) when He was forced into custody and when He was then compelled to spend money unnecessarily in order to defend Himself in criminal court. Finally, Plaintiff was and is injured in that He was and is compelled to endure the on-going private humiliation and emotional distress of the previously mentioned indignities.

41. The Defendants named in this Count were the proximate causes of Plaintiff's injuries, because those injuries were a direct result of Their personal words and/or deeds, which words and deeds, on information and belief, they would not today deny.

42. Plaintiff prays for a jury trial on all matters triable by jury, declaratory judgment against the above named Defendants in this Count for the causes brought herein, compensatory damages of $ ~~50,000~~ *greater than* from each Defendant, punitive damages if available, injunctions as requested below, and any other relief that this Court and/or His jury finds just and equitable.

# PART VII: COUNT FOUR: VIOLATION OF
# RIGHT TO PETITION THE GOVERNMENT FOR REDRESS OF GRIEVANCES
# ART. I(f) U.S. BILL OF RIGHTS
# VIA 14TH AMENDMENT U.S. CONSTITUTION AND 42 USC 1983

43. Parts I-III of this Complaint are incorporated in their entirety, as though fully set forth herein.

44. Art. I(f) of the U.S. Bill of Rights via the 14th Amendment to the U.S. Constitution and 42 USC 1983 protect the people's, including Plaintiff's, right to "petition their government" for a "redress of grievances," which litigation and its attendant need for court-watchers represents.

45. At all times relevant Defendants, the Cook County Sheriff Deputies and Sgt.s and unknown others had a U.S. constitutional and statutory, and Illinois statutory duties, Official Misconduct 720 ILCS 5/33-3, to refrain from interfering with Plaintiff's exercise of His right to petition his government for redress of grievances.

46. At all times relevant the Defendants named in this Count had the above said duties, notwithstanding the fact that They may not be "amenable to justice," according to the general principle of law articulated in 720 ILCS 5/8-2.1(b)(3).

47. On 2/2/07 in the Daley Center, without lawful authority or just cause, the Defendants named in this Count breached said duties and deprived Plaintiff of His protected liberty and property interests to seek redress of grievances when They prevented Plaintiff from returning to the courtroom in which He was serving as an unofficial court-watcher for an acquaintance and for the public weal,

48. The Defendants named in this Count were at all times relevant acting under the color of State law when they committed the tort against Plaintiff that is herein alleged.

49. Plaintiff was injured by the actions of the Defendants named in this Count in that He was prevented from returning to a public area, a public courtroom, a public building, and a public forum, by said Defendants, Plaintiff's public servants, who committed said deeds without lawful authority or just cause, thus preventing His performance of His own public service as a court-watcher, and Plaintiff was injured in that Plaintiff lost time (which is money that He could have been earning) when He was forced into custody and when He was then compelled to spend money unnecessarily in order to defend Himself in criminal court. Finally, Plaintiff was and is injured in that He was and is compelled to endure the on-going private humiliation and emotional distress of the previously mentioned indignities.

50. The named Defendants in this Count were the proximate causes of Plaintiff's injuries, because those injuries were a direct or indirect result of Their personal words and deeds, which words and deeds, on information and belief, They would not today deny.

51. Plaintiff prays for a jury trial on all matters triable by jury, declaratory judgment against the above named Defendants in this Count for the causes brought herein, compensatory damages of $ _greater than 50,000_ from each Defendant, punitive damages if available, injunctions as requested below, and any other relief that this Court and/or His jury finds just and equitable.

## PART VIII: <u>COUNT FIVE</u>: VIOLATION OF RIGHT TO DUE PROCESS OF LAW §1(b) 14th AMENDMENT U.S. CONSTITUTION AND 42 U.S.C. 1983

52. Parts I-III of this Complaint are incorporated in their entirety, as though fully set forth herein.

11

53. § 2 of the Illinois Bill of Rights and §1(b) of the 14th Amendment to the U.S. Constitution via 42 U.S.C. 1983 both protect Plaintiff against deprivation of His liberty and property interests without due process of law, which means in a manner that is not arbitrary, *ad hoc*, unreasonable, unduly financially burdensome, and unnecessarily inconvenient and that is not without pre- or post-deprivation notice and an opportunity to defend.

54. At all times relevant Defendants *enumerated in the caption of this complaint* and unknown others had U.S. constitutional and statutory and Illinois statutory, Official Misconduct 720 ILCS 5/33-3, duties not to deprive Plaintiff of His protected liberty and property interests without due process of law, which means in a manner that is not arbitrary, *ad hoc*, unreasonable, unduly financially burdensome, and unnecessarily inconvenient.

55. At all times relevant the Defendants named in this Count had the above said duty, notwithstanding the fact that They may not be "amenable to justice," according to the general principle of law articulated in 720 ILCS 5/8-2.1(b)(3). *on various dates* *enumerated herein*

56. On *9/2/07* in the Daley Center and *at* the courthouse at 555. W. Harrison St., without lawful authority or just cause, the Defendants named in this Count breached said duties and deprived Plaintiff of His protected liberty and property interests to due process of law when They imprisoned Him, arrested Him, maliciously prosecuted Him, and deprived Him of His right to seek redress of grievances in a manner that was arbitrary, *ad hoc*, unreasonable, unduly financially burdensome, and unnecessarily inconvenient.

57. The named Defendants in this Count were at all times relevant acting under the color of State law when they committed the tort against Plaintiff that is herein alleged.

58. Plaintiff was injured by the actions of the Defendants named in this Count in that He was prevented from returning to a public area, a public courtroom, a public building, and a public forum, by said Defendants, Plaintiff's public servants, who committed said deeds without lawful authority or just cause, thus preventing His performance of His own public service as a court-watcher, and Plaintiff was injured in that Plaintiff lost time (which is money that He could have been earning) when He was forced into custody and when He was then compelled to spend money unnecessarily in order to defend Himself in criminal court. Finally, Plaintiff was and is injured in that He was and is compelled to endure the on-going private humiliation and emotional distress of the previously mentioned indignities.

59. The Defendants named in this Count were the proximate causes of Plaintiff's injuries, because those injuries were a direct result of Their personal words and/or deeds, which words and deeds, on information and belief, They would not today deny.

12

60. Plaintiff prays for a jury trial on all matters triable by jury, declaratory judgment against the above named Defendants in this Count for the causes brought herein, compensatory damages of $_____ from each Defendant, punitive damages if available, injunctions as requested below, and any other relief that this Court and/or His jury finds just and equitable.

## PART IX: COUNT SIX: COMMON LAW ALIENATION OF SPOUSAL AFFECTIONS

61. Parts I-III of this Complaint are incorporated in their entirety, as though fully set forth herein.

62. At all times relevant Plaintiff had a reasonable, common law-based expectation of not having His decades-long marriage interfered with by Defendants.

63. At all times relevant Defendants _enumerated in the caption of this complaint_ and unknown others knew or may reasonably be deemed to have known of Plaintiff's marriage and of its frailty as a result of His many confrontations with powerful but errant public servants like Defendants.

64. At all times relevant the Defendants named in this Count had a common law and Illinois, Alienation of Affections, 740 ILCS 5/2, and Official Misconduct 720 ILCS 5/33-3 statutory duties not to tortuously interfere with the spousal affection of Plaintiff's wife.

65. At all times relevant the above named Defendants in this Count had the above said duties, notwithstanding the fact that They may not be "amenable to justice," according to the general principle of law articulated in 720 ILCS 5/8-2.1(b)(3).

66. On 2/2/07 in the Daley Center, without lawful authority or just cause, the Defendants named in this Count breached said duties and deprived Plaintiff of His protected liberty and property interests in the continuation of His spouse's affections when They imprisoned Him, arrested Him, and maliciously prosecuted Him, which resulted in His (wrongful) conviction and (wrongful) sentence of 30 days in jail, which in turn resulted in the alienation of His wife's affections and her desertion of Him.

67. The Defendants named in this Count were at all times relevant acting under the color of State law when they committed the tort against Plaintiff that is herein alleged.

68. Plaintiff was injured by the actions of the Defendants named in this Count in that the suffering of His wife was keenly felt by Him and so became His own suffering to the extent that when He was sent to jail His wife had a terrible time adjusting to His absence and to the shame of His incarceration, and when He returned from jail she blamed Him for His own injured psyche, because she blamed Him for His incarceration, claiming that she could no longer cope with the all changes that He was putting her through, and then she left Him in December 2008; Plaintiff has also been injured by His loss of His wife's society and affection as well as her lack of performance of her usual spousal duties and domestic chores, including food preparation, most of which duties and chores now remain unperformed, resulting in a much lower emotional and economic standard of living and of mental wellbeing for Plaintiff.

69. The Defendants named in this Count were the proximate causes of Plaintiff's injuries, because those injuries were a direct result of Their personal words and/or deeds, which words and deeds, on information and belief, They would not today deny.

70. Plaintiff prays for a jury trial on all matters triable by jury, declaratory judgment against the above named Defendants in this Count for the causes brought herein, compensatory damages of $ _greater than 50,000_ from each Defendant, punitive damages if available, injunctions as requested below, and any other relief that this Court and/or His jury finds just and equitable.


## PART X: <u>COUNT SEVEN</u>: RETALIATION FOR PLAINTIFF'S EXERCISE OF HIS CONSTITUTIONAL AND OTHER PROTECTED RIGHTS AND PRIVILEGES 42 USC 1983


71. Parts I-III of this Complaint are incorporated in their entirety, as though fully set forth herein.

72. At all times relevant Plaintiff had a federal statutory, 42 USC 1983, privilege to exercise His constitutional and other protected rights and privileges without being retaliated against by His public servants, Defendants.

73. At all times relevant Defendants _enumerated in the caption of this complaint_ and unknown others, as public servants, had federal statutory and Illinois Official Misconduct, 720 ILCS 5/33-3, duties not to retaliate against Plaintiff for His exercise of His constitutional and other protected rights and privileges.

74. At all times relevant the Defendants named in this Count had the above said duties, notwithstanding the fact that They may not be "amenable to justice," according to the general principle of law articulated in 720 ILCS 5/8-2.1(b)(3). *on various dates enumerated herein*

75. On _9|2|? in the Daley Center and in criminal court in the courthouse at 555 W. Harrison St., without lawful authority or just cause, the Defendants named in this Count breached said duties and deprived Plaintiff of His protected liberty and property interests in being free from retaliation for His exercise of His constitutional rights when They imprisoned Him, arrested Him, maliciously prosecuted Him, and deprived Him of His right to seek redress of grievances.

76. The Defendants named in this Count were at all times relevant acting under the color of State law when they committed the tort against Plaintiff that is herein alleged.

77. Plaintiff was injured by the actions of the Defendants named in this Count in that He was prevented from returning to a public area, a public courtroom, a public building, and a public forum, by said Defendants, Plaintiff's public servants, who committed said deeds without lawful authority or just cause, thus preventing His performance of His own public service as a court-watcher, and Plaintiff was injured in that Plaintiff lost time (which is money that He could have been earning) when He was forced into custody and when He was then compelled to spend money unnecessarily in order to defend Himself in criminal court. Finally, Plaintiff was and is injured in that He was and is compelled to endure the on-going private humiliation and emotional distress of the previously mentioned indignities.

78. The Defendants named in this Count were the proximate causes of Plaintiff's injuries, because those injuries were a direct or indirect result of Their personal words and deeds, which words and deeds, on information and belief, They would not today deny.

79. Plaintiff prays for a jury trial on all matters triable by jury, declaratory judgment against the above named Defendants in this Count for the causes brought herein, compensatory damages of $ _greater than 50,000_ from each Defendant, punitive damages if available, injunctions as requested below, and any other relief that this Court and/or His jury finds just and equitable.


# PART XI: COUNT EIGHT: VIOLATION OF RIGHT TO EQUAL PROTECTION §1(e) OF THE XIVTH AMENDMENT U. S. CONSTITUTION, 42 USC 1983

80. Parts I-III of this Complaint are incorporated in their entirety, as though fully set forth herein.

81. At all times relevant Plaintiff had a U.S. constitutional, 16th Amendment, and statutory, 42 USC 1983, right to equal protection of the laws by His public servants, Defendants.

82. At all times relevant Defendants _enumerated in the caption of this complaint_ and unknown others, as public servants, had federal constitutional and statutory and Illinois Official Misconduct, 720 ILCS 5/33-3, duties not to deny equal protection of the laws to Plaintiff.

83. At all times relevant the Defendants named in this Count others had the above said duties, notwithstanding the fact that They may not be "amenable to justice," according to the general principle of law articulated in 720 ILCS 5/8-2.1(b)(3).

84. On _2|14|9_ in the Daley Center and _on various dates enumerated herein_ in the courthouse at 555 W. Harrison St., without lawful authority or just cause, the Defendants named in this Count breached said duties and deprived Plaintiff of His protected liberty and property interests in equal protection of the law when they singled Him out as an ethnic minority-- a Mexican-American with less than perfect English communication skills-- whom, They believed, They could readily but inequitably persecute with minimal consequences to Themselves.

85. The Defendants named in this Count were at all times relevant acting under the color of State law when they committed the tort against Plaintiff that is herein alleged.

86. Plaintiff was injured by the actions of the Defendants named in this Count in that He was prevented from returning to a public area, a public courtroom, a public building, and a public forum, by said Defendants, Plaintiff's public servants, who committed said deeds without lawful authority or just cause, thus preventing His performance of His own public service as a court-watcher, and Plaintiff was injured in that Plaintiff lost time (which is money that He could have been earning) when He was forced into custody and when He was then compelled to spend money unnecessarily in order to defend Himself in criminal court. Finally, Plaintiff was and is injured in that He was and is compelled to endure the on-going private humiliation and emotional distress of the previously mentioned indignities.

87. The Defendants named in this Count were the proximate causes of Plaintiff's injuries, because those injuries were a direct or indirect result of Their personal words and deeds, which words and deeds, on information and belief, They would not today deny.

88. Plaintiff prays for a jury trial on all matters triable by jury, declaratory judgment against the above named Defendants in this Count for the causes brought herein, compensatory damages of $ _greater than 30,000_ from each Defendant, punitive damages if available,

16

injunctions as requested below, and any other relief that this Court and/or His jury finds just and equitable.

## PART XII: COUNT NINE:
## COMMON LAW CIVIL CONSPIRACY and
## FEDERAL CIVIL CONSPIRACY, 42 USC 1985(2) AND (3),
## AGAINST PLAINTIFF'S RIGHTS TO FREE SPEECH AND TO
## PETITION THE GOVERNMENT FOR REDRESS OF GRIEVANCES
## ART. I U.S. BILL OF RIGHTS, § 4

89. Parts I-III of this Complaint are incorporated in their entirety, as though fully set forth herein.

90. "If two or more persons in any State... conspire to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person or property on account of his having so attended or testified,...; or if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State..., with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws." 42 USC 1985(2)

91. "If two or more persons in any State... conspire... for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State... from giving or securing to all persons within such State... the equal protection of the laws;...; in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators." 42 USC 1985(3)

92. At all times relevant Defendants *enumerated in the caption of this complaint*

17

_____ and unknown others had a common law
duty not to civilly conspire against Plaintiff to deprive Him of His U.S. constitutional and common
law rights and privileges.

93. At all times relevant the above named Defendants in this Count had a federal statutory
and Illinois Official Misconduct, 720 ILCS 5/33-3, duty not to civilly conspire with personal bias
against Plaintiff for the purpose of depriving Him of "the equal protection of the laws" on account
of His Hispanic ethnicity and of His membership in that class of (Hispanic) persons who choose to
exercise their right to free speech and seeking redress of grievances by employing various lawful
methods of exposing their mistreatment at the hands of the incompetence and anti-Hispanic
attitudes of white public servants and by the latter's white enablers and protectors, including those
employed by or contracted with the Sheriff of Cook County.

94. At all times relevant the Defendants named in this Count had the above such duties,
notwithstanding the fact that They may not be "amenable to justice," according to the general
principle of law articulated in 720 ILCS 5/8-2.1(b)(3).

95. The Defendants in this Count are whites or the white supervisors, enablers, and
protectors of said whites, who knew or reasonably may be deemed to have known that Plaintiff is
Hispanic and is pursuing administrative and/or legal actions against white public servants with
allegations of racially discriminatory motivation on behalf of said whites and/or their white
supervisors, enablers, and protectors, which resentment played a material role in the herein named
Defendants' agreed actions against Plaintiff. *various dates enumerated herein*

96. On ~~2/2/07~~ in the Daley Center and in the courthouse at 555 W. Harrison St.,
without lawful authority or just cause, the Defendants named in this Count breached said duties
and deprived Plaintiff of His protected liberty and property interests in being free from
conspiracies by His public servants against Him when They conspired with certain unknown
politicians to persecute Him because He was exposing Their wrong-doing.

97. The Defendants named in this Count were at all times relevant acting under the color of
State law when they committed the tort against Plaintiff that is herein alleged.

98. Plaintiff was injured by the actions of the Defendants named in this Count in that He
was prevented from returning to a public area, a public courtroom, a public building, and a public
forum, by said Defendants, Plaintiff's public servants, who committed said deeds without lawful
authority or just cause, thus preventing His performance of His own public service as a court-
watcher, and Plaintiff was injured in that Plaintiff lost time (which is money that He could have
been earning) when He was forced into custody and when He was then compelled to spend money
unnecessarily in order to defend Himself in criminal court. Finally, Plaintiff was and is injured in

18

that He was and is compelled to endure the on-going private humiliation and emotional distress of the previously mentioned indignities.

99. The Defendants named in this Count were the proximate causes of Plaintiff's injuries, because those injuries were a direct or indirect result of Their personal words and deeds, which words and deeds, on information and belief, They would not today deny.

100. Plaintiff prays for a jury trial on all matters triable by jury, declaratory judgment against the above named Defendants in this Count for the causes brought herein, compensatory damages of $ _greater than_ _50,000_ from each Defendant, punitive damages if available, injunctions as requested below, and any other relief that this Court and/or His jury finds just and equitable.

**PART XIII: <u>COUNT TEN</u>: NEGLIGENCE OR REFUSAL, 42 USC 1986,
TO PREVENT FEDERAL CIVIL CONSPIRACY, 42 USC 1985(2) AND (3),
AGAINST PLAINTIFF'S RIGHTS TO FREE SPEECH AND TO
PETITION THE GOVERNMENT FOR REDRESS OF GRIEVANCES
ART. I U.S. BILL OF RIGHTS**

101. Parts I-III of this Complaint are incorporated in their entirety, as though fully set forth herein.

102. "Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented; and such damages may be recovered in an action on the case; and any number of persons guilty of such wrongful neglect or refusal may be joined as defendants in the action..." 42 USC 1986

103. At all times relevant Defendants _enumerated in the caption of this complaint_ and unknown others had a common law and/or federal statutory and Illinois Official Misconduct, 720 ILCS 5/33-3, duty not to neglect or to refuse to prevent civil conspiracies against Plaintiff to deprive Him of His constitutional rights to free speech and petition of the government for redress of grievances, when they had opportunity to do so.

104. The Defendants named in this Count had opportunity to prevent the conspiracies in which They participated or of which They had knowledge, as set forth in the preceding Count;

19

They chose, however, not only not to prevent said conspiracies, but to perpetrate and/or to participate in them.

105. At all times relevant the Defendants named in this Count had the above such duties, notwithstanding the fact that They may not be "amenable to justice," according to the general principle of law articulated in 720 ILCS 5/8-2.1(b)(3). various dates enumerated herein

106. On ⟨12-1-0⟩ in the Daley Center and in the courthouse at 555 W. Harrison St., without lawful authority or just cause, the Defendants named in this Count breached said duties and deprived Plaintiff of His protected liberty and property interests in being free from conspiracies by His public servants against Him when They conspired with certain unknown politicians to persecute Him because He was exposing Their wrong-doing.

107. The Defendants named in this Count were at all times relevant acting under the color of State law when they committed the tort against Plaintiff that is herein alleged.

108. Plaintiff was injured by the actions of the Defendants named in this Count in that He was prevented from returning to a public area, a public courtroom, a public building, and a public forum, by said Defendants, Plaintiff's public servants, who committed said deeds without lawful authority or just cause, thus preventing His performance of His own public service as a court-watcher, and Plaintiff was injured in that Plaintiff lost time (which is money that He could have been earning) when He was forced into custody and when He was then compelled to spend money unnecessarily in order to defend Himself in criminal court. Finally, Plaintiff was and is injured in that He was and is compelled to endure the on-going private humiliation and emotional distress of the previously mentioned indignities.

109. The Defendants named in this Count were the proximate causes of Plaintiff's injuries, because those injuries were a direct or indirect result of Their personal words and deeds, which words and deeds, on information and belief, They would not today deny.

110. Plaintiff prays for a jury trial on all matters triable by jury, declaratory judgment against the above named Defendants in this Count for the causes brought herein, compensatory damages of $ greater than $50,000 from each Defendant, punitive damages if available, injunctions as requested below, and any other relief that this Court and/or His jury finds just and equitable.

**PART XIV: <u>COUNT ELEVEN</u>: VIOLATIONS OF
THE RACKETEERING INFLUENCED AND CORRUPT ORGANIZATIONS ACT
18 USC 1962(c), 1964(c)**

111. Parts I-III of this Complaint are incorporated in their entirety, as though fully set forth herein.

112. 18 USC 1962(c) provides: "It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt."

113. 18 USC 1961(4) provides: "'enterprise' includes any individual...or legal entity..."

114. 18 USC 1961(1) provides: "racketeering activity" means: A) any act or threat involving...mail fraud [or] wire fraud..."

115. 18 USC 1341 provides "whoever, having devised or intending to devise any scheme or artifice to defraud... [and] places in any post office or authorized depository for mail...any such matter or thing, shall be fined...or imprisoned...or both."

116. 18 USC 1343 provides "whoever, having devised or intended to devise any scheme or artifice to defraud...[and] transmits or causes to be transmitted by means of wire...in interstate...commerce, any writings,...[or] pictures...for the purpose of executing such scheme or artifice, shall be fined...or imprisoned...or both."

117. 18 USC 1961(5) provides: "'a pattern of racketeering activity' requires at least two acts of racketeering activity...the last of which occurred within ten years...after the commission of a prior act of racketeering activity."

118. 18 USC 1964(c) provides: "Any person injured in his...property by reason of a violation of § 1962...may sue therefore...and shall recover threefold the damages he sustains and the cost of the suit..."

119. At all times relevant Plaintiff had a federal statutory right to be free from violations of the federal R.I.C.O. Act committed against Him by His public servants.

120. At all times relevant Defendants *enumerated in the caption of this complaint* and unknown others had a federal statutory duty to refrain from committing violations of the federal R.I.C.O. Act against Plaintiff. *on various dates enumerated herein*

121. On _2/2/07_ in the Daley Center and in the courthouse at 555 W. Harrison St., without lawful authority or just cause, the Defendants named in this Count breached said duties and deprived Plaintiff of His protected liberty and property interests against becoming a racketeering victim of His public servants when, with actual malice, They committed violations of

21

the federal R.I.C.O. Act against Plaintiff by causing letters, memos, etc. to be mailed, emailed, and/or faxed, and/or their content to be telephoned to each other (at least some of which was therefore between two 'enterprises'—politicians who ordered the persecution and the Sheriff-- in interstate commerce) in a manner that expressed Their intent to deprive (or Their *fait accompli* that deprived) Plaintiff of His constitutional rights, in violation of 18 USC 242 and 241, by:

122. All of the above acts were and are part of a grand conspiracy and fraudulent scheme to abuse all whistleblowers, including Plaintiff, who dares to speak up and out against perceived abuses of their and His constitutional rights, especially if such expose's point out wrongdoing by highly placed politicians or their favored agencies and persons. All such schemes were fraudulent in that they constituted violations of constitutional, statutory, and/or common law, but they were disguised as law enforcement actions taken pursuant to the legitimate authority of the Sheriff and/or other governmental agencies under its control and/or influence. The Sheriff took over and usurped a legitimate enterprise, the Office of the Sheriff, corrupted it, and uses it to derive false credibility with the People therefrom, hence also money (at least his salary if not also many kickbacks) and power therefrom.

123. The Defendants named in this Count were at all times relevant acting under the color of State law when they committed the crimes and torts against Plaintiff that are herein alleged.

124. Plaintiff was injured by the actions of the Defendants named in this Count in that He was prevented from returning to a public area, a public courtroom, a public building, and a public forum, by said Defendants, Plaintiff's public servants, who committed said deeds without lawful authority or just cause, thus preventing His performance of His own public service as a court-watcher, and Plaintiff was injured in that Plaintiff lost time (which is money that He could have been earning) when He was forced into custody and when He was then compelled to spend money unnecessarily in order to defend Himself in criminal court. Finally, Plaintiff was and is injured in that He was and is compelled to endure the on-going private humiliation and emotional distress of the previously mentioned indignities.

125. The Defendants named in this Count were the proximate causes of Plaintiff's injuries, because those injuries were a direct result of Their personal words and/or deeds, which words and deeds, on information and belief, they would not today deny.

126. Plaintiff prays for a jury trial on all matters triable by jury, declaratory judgment against the above named Defendants in this Count for the causes brought herein, compensatory damages of $ _greater than $50,000_ from each Defendant, punitive damages if available, injunctions as requested below, and any other relief that this Court and/or His jury finds just and equitable.

PART XVI: COUNT: TWELVE    Negligence, Injury Unjustifiably Caused by the Reckless and Wanton Disregard for the Legitimate Interests Of J. Hernandez, Activity Conducted Deliberately to Injure J. Hernandez, False Light, and Conspiracy with Government Actors to Deprive J. Hernandez

In Courtroom 1506 at 10:30 a.m. on 2/2/2007, David Wessel, an attorney licensed to practice law in the State of IL, who was representing Mr. Sheetz in the case in which Jaime Hernandez was acting as a court-watcher, proceeded to address Sheriff's Deputy Eric Gross, and then both of them pointed at Jaime Hernandez and the other court-watcher who were accompanying Jaime Hernandez, and then Wessel returned to the position in which he had been positioned prior to his communication with Gross.

Immediately thereafter, Sheila Mannix was ejected from the courtroom. Gross spoke into his radio that there were three people in the courtroom causing a disturbance.

The three court watchers followed Mannix out of the courtroom and the rest of the story this Complaint concerns has been chronicled herein supra.

The facts explicated herein certainly permit the inference that the conveyances of David Wessel proximately caused Eric Gross to unjustifiably transmit information that Jaime Hernandez had caused a disturbance in the courtroom, which directly led to the arrest of Jaime Hernandez.

Plaintiff prays for a jury trial on all matters triable by jury, declaratory judgment against the above named Defendants in this Count for the causes brought herein, compensatory damages of $ _50,000_ (*greater than*) from each Defendant, punitive damages if available, injunctions as requested below, and any other relief that this Court and/or His jury finds just and equitable.


PART XVI: COUNT THIRTEEN: 42 USC 1983 – Illegal Seizure, Denial of Due Process, Equal Protection of the Law, the Right to Petition the Government for the Redress of Grievances, 1985(2), Civil RICO, False Imprisonment, against Judge T. M. Donnelly.

Judge T. M. Donnelly coached the prosecution into amending the complaint charging criminal trespass to state supported land to allege that it was the use and enjoyment of CCSD Olejarz, with which Jaime Hernandez interfered.

He also refused to accept amicus curiae submissions in the case and refused to permit Jaime Hernandez to avail himself of the counsel of associates who, it is the understanding of Jaime Hernandez could have successfully prosecuted the system in this case and prevented Jaime Hernandez from being convicted on any of the charges prosecuted against him.

He refused to permit Jaime Hernandez to fire the attorney – Mr. R. Stewart and used that refusal to prevent Jaime Hernandez from ever getting the innumerable issues which Jaime

23

Hernandez endeavored to get addressed in the prosecution in order to ensure that no malice that would and did end up in the case, would remain there and evade ensconcement, eduction and elimination and ultimately cause the case to miscarry.

He selectively claimed that he relied on various authorities in making rulings while simply disregarding authority which was supposed to be controlling over his conduct in several instances which was incompatible with an agenda of ensuring the conviction(s) of Jaime Hernandez.

The counsel which Jaime Hernandez received was simply not sufficiently vigorous to prevent the state from mischaracterizing the evidence in existence of the conduct of Jaime Hernandez and his adversaries in this prosecution, and from getting away without having its witnesses having to have been cross-examined at least a minimally acceptable level of examination.

Beyond that he refused to issue a jury instruction informing the jurors of their duty to refuse to convict, if any of them was not convinced that the laws according to which Jaime Hernandez was prosecuted were in themselves and as applied to the activity of Jaime Hernandez, just.

He also refused to permit Jaime Hernandez to wear a T-shirt at his trial which emphasized Jaime Hernandez's commitment to help protect the public from judicial and attorney predations.

Plaintiff prays for a jury trial on all matters triable by jury, declaratory judgment against the above named Defendants in this Count for the causes brought herein, compensatory damages of $ 50,00 from each Defendant, punitive damages if available, injunctions as requested below, and any other relief that this Court and/or His jury finds just and equitable.

PART XVI: COUNT FOURTEEN - 42 USC 1983 – Illegal Seizure, Denial of Due Process, Equal Protection of the Law, the Right to Petition the Government for the Redress of Grievances, , 1985(2), Civil RICO, false imprisonment, against Cook County State's Attorney R. Devine and Asst. Cook County State's Attorneys Sarah Karr, and Andrea Kirsten.

The prosecutors in the criminal prosecution of Jaime Hernandez demonstrated an entirely unjustified commitment to procure convictions, rather than to discharge the duties of the prosecutorial office according to a minimally acceptable standard of accountability and to ensure that no injustice would prevail.

Those prosecutors, Sarah Karr and Andrea Kirsten selectively and vindictively prosecuted Jaime Hernandez.

The many transgressions, arrogations, usurpations, predations, crimes and torts which were committed by these prosecutors will be explicated in amended versions of this complaint.

24

Plaintiff prays for a jury trial on all matters triable by jury, declaratory judgment against the above named Defendants in this Count for the causes brought herein, compensatory damages of $_____ from each Defendant, punitive damages if available, injunctions as requested below, and any other relief that this Court and/or His jury finds just and equitable.

PART XVI: COUNT FIFTEEN – Legal Malpractice Against Attorney Russell Stewart

Attorney R. Stewart ("Stewart") did not provide counsel which satisfied minimal levels of competence in the area of defense against criminal charges.

Besides leaving countless issues, the raising of which would undoubtedly have demonstrated the presence of interstices which the State could not legitimately bridge in the prosecution of this case unraised, his filing of a motion in limine in which he sought to keep all evidence regarding the developments which led to Jaime Hernandez leaving the courtroom outside of which he was arrested, out of the prosecution, which resulted in the evidence upon which Jaime Hernandez was relying to control the premises of the adjudication of the criminal prosecution being kept out of the record, which enabled the state to pigeon-hole Jaime Hernandez.

Stewart's cross examinations did not bring to the juror's attention a number of incompatibilities and implausibilities in the evidence the state used to convict Jaime Hernandez.

He submitted no jury instructions, nor any special interrogatories. By leaving unjustifiably large evidentiary gaps in the evidence, the bias of the judge and jury filled such vacuums and Jaime Hernandez was convicted on four counts.

Jaime Hernandez was convicted on four counts and sent to the Cook County Jail for 30 days, without having been provided any opportunity to present any witnesses in his defense.

Plaintiff prays for a jury trial on all matters triable by jury, declaratory judgment against the above named Defendants in this Count for the causes brought herein, compensatory damages of $_greater than 30,000_ from each Defendant, punitive damages if available, injunctions as requested below, and any other relief that this Court and/or His jury finds just and equitable.

**COMMON LAW NEGLIGENCE AS FAILURE TO TRAIN AND SUPERVISE**

127. Parts I-III of this Complaint are incorporated in their entirety, as though fully set forth herein.

128. At all times relevant Defendants _enumerated in the caption of this complaint_ and unknown others had a common law and Illinois Official Misconduct, 720 ILCS 5/33-3, duty to adequately train and

supervise Their employees in a manner so that Their employees would not abuse the People's, including Plaintiff's, rights by committing crimes and torts against Them and Him.

129. At all times relevant the Defendants named in this Count had the above said duty, notwithstanding the fact that They may not be "amenable to justice," according to the general principle of law articulated in 720 ILCS 5/8-2.1(b)(3). *on various dates enumerated herein*

130. On 2\2\07 in the Daley Center and in the courthouse at 555 W. Harrison St., without lawful authority or just cause, the Defendants named in this Count breached said duties and deprived Plaintiff of His protected liberty and property interests when They negligently failed to properly train and/or supervise Their subordinates named as Defendants in other Counts in this Complaint.

131. The Defendants named in this Count were at all times relevant acting under the color of State law when they committed the tort against Plaintiff that is herein alleged.

132. All Defendant subordinates referred to above were trained to obey the Constitution and laws, to protect the People's, including Plaintiff's rights, and to refuse to obey all orders for which there is no lawful authority or just cause, per the principle established at the Nuremberg Nazi trials, conducted primarily by the USA, that blindly obeying orders is not exculpatory.

133. The Defendants named in this Count were at all times relevant acting under the color of State law when they committed the crimes and torts against Plaintiff that are herein alleged.

134. Plaintiff was injured by the actions of the Defendants named in this Count in that He was prevented from returning to a public area, a public courtroom, a public building, and a public forum, by said Defendants, Plaintiff's public servants, who committed said deeds without lawful authority or just cause, thus preventing His performance of His own public service as a court-watcher, and Plaintiff was injured in that Plaintiff lost time (which is money that He could have been earning) when He was forced into custody and when He was then compelled to spend money unnecessarily in order to defend Himself in criminal court. Finally, Plaintiff was and is injured in that He was and is compelled to endure the on-going private humiliation and emotional distress of the previously mentioned indignities.

135. The Defendants named in this Count were the proximate causes of Plaintiff's injuries, because those injuries were a direct result of Their personal words and/or deeds, which words and deeds, on information and belief, they would not today deny.

136. Plaintiff prays for a jury trial on all matters triable by jury, declaratory judgment against the above named Defendants in this Count for the causes brought herein, compensatory damages of $ *greater than* 50,000 from each Defendant, punitive damages if available, injunctions as requested below, and any other relief that this Court and/or His jury finds just and equitable.

26

137. Plaintiff prays for a jury trial on all matters triable by jury, declaratory judgment against the above named Defendants in this Count for the causes brought herein, compensatory damages of $ _no less than_ from each Defendant, punitive damages if available, injunctions as requested below, and any other relief that this Court and/or His jury finds just and equitable.

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

138. Parts I-III of this Complaint are incorporated in their entirety, as though fully set forth herein.

139. At all times relevant Plaintiff had a common law right to be free the intentional infliction of emotional distress by His public servants.

140. At all times relevant all Defendants named in this Complaint and unknown others had a common law duty and Illinois Official Misconduct, 720 ILCS 5/33-3, duty not to intentionally inflict emotional distress upon Plaintiff.

141. The Defendants named in this Count breached said duties and intentionally, with actual malice, inflicted emotional distress upon Plaintiff when they committed the various torts against Plaintiff complained of in the preceding counts, the commission of which was not only unconstitutional or otherwise unlawful, but also extreme and outrageous, since the actors were Plaintiff's trusted public servants, elected and/or hired by the State of Illinois or agencies thereof, for the purpose of effecting the constitutional purposes thereof, but instead, They betrayed that trust and committed unconstitutionalities and/or other unlawfulness against Plaintiff.

142. The Defendants named in this Count breached said duties and intentionally, with malice, inflicted emotional distress upon Plaintiff when they committed various crimes against Plaintiff complained of implicitly in the preceding counts: violation of constitutional rights 18 USC 242, conspiracy against civil rights 720 ILCS 5/8-2.1, conspiracy against constitutional rights 18 USC 241, unlawful restraint 720 ILCS 5/10-3, official misconduct 720 ILCS 5/33, obstruction of justice 720 ILCS 5/31-4(a), disorderly conduct 720 ILCS 5/26-1(a)(4), and perhaps most egregiously of all intimidation 720 ILCS 5/12-6(a)(1), (2), (4), (5), and (6)-- the commission of which crimes was extreme and outrageous, because it constituted a violation of their public trust.

143. Plaintiff, as the direct victim of said crimes, personally experienced same, feared for His safety, and was traumatized by same, thus suffering severe emotional distress thereby, which

27

distress the Defendants named in this Count intended to cause in Plaintiff or recklessly could not have helped causing in Plaintiff because of the high probability of said result following from Their actions, which was entirely foreseeable, because, in the alternative, their acts were the result of conspiracy.

144. The Defendants named in this Count were at all times relevant acting under the color of State law when they committed the crimes and torts against Plaintiff that are herein alleged.

145. Plaintiff was injured by the actions of the Defendants named in this Count in that He was prevented from returning to a public area, a public courtroom, a public building, and a public forum, by said Defendants, Plaintiff's public servants, who committed said deeds without lawful authority or just cause, thus preventing His performance of His own public service as a court-watcher, and Plaintiff was injured in that Plaintiff lost time (which is money that He could have been earning) when He was forced into custody and when He was then compelled to spend money unnecessarily in order to defend Himself in criminal court. Finally, Plaintiff was and is injured in that He was and is compelled to endure the on-going private humiliation and emotional distress of the previously mentioned indignities.

146. Plaintiff was and is specifically injured by the humiliation and emotional distress of the preceding mentioned indignities that He was compelled to endure by the Defendants named in this Count, in that on account thereof He suffered ulcer-like pains, nausea, and insomnia--primarily when the incidents complained of first happened and immediately thereafter-- but also secondarily, in slowly declining degrees, whenever Plaintiff thinks thereon.

147. The Defendants named in this Count were the proximate causes of Plaintiff's injuries, because those injuries were a direct result of Their personal words and/or deeds, which words and deeds, on information and belief, they would not today deny.

148. Plaintiff prays for a jury trial on all matters triable by jury, declaratory judgment against the above named Defendants in this Count for the causes brought herein, compensatory damages of $ *greater than* 50,000 from each Defendant, punitive damages if available, injunctions as requested below, and any other relief that this Court and/or His jury finds just and equitable.

## PART XV: COUNT TWELVE: EQUITABLE RELIEF REQUESTED

### Part XVA: Introduction

28

149. Parts I-III of this Complaint are incorporated in their entirety, as though fully set forth herein.

150. Plaintiff possesses a clearly ascertainable need and right that requires—and therefore He requests court protection— of His right to enter all courtrooms of all Cook County courthouses for the purpose of: A) litigating His own lawsuits, B) attending litigations of others of interest to Him; C) conducting research in the Cook County Law Library, and E) attending occasional public events and visiting occasional exhibits in the lobbies of Cook County courthouses.

## Part XVB: Preliminary and Permanent Injunctions Requested

151. Parts I-III of this Complaint are incorporated in their entirety, as though fully set forth herein.

152. Plaintiff will suffer irreparable harm without preliminary injunctions, ordering the relief sought in the previous ¶.

153. There is no adequate remedy at law for those of Plaintiff's injuries that would now make Him afraid to enter Cook County courthouses in order to accomplish His legitimate and lawful purposes.

154. Plaintiff is likely to be successful on the merits of this action, since this Court is lawfully bound to uphold Plaintiff's due process and other constitutional rights and to hold as void all orders that do not conform thereto.

155. There is urgency about Plaintiff's petition for injunctive relief, as He has immediate and on-going needs, as alluded to above.

156. Therefore, Plaintiff requests that this Court issue a preliminary injunction granting the relief sought in Part XXA above.

157. Should Plaintiff prevail on some or all of His claims, He also requests a permanent injunction similar to the preliminary injunction requested above.

## Part XVI: COUNT THIRTEEN: OTHER RELIEF REQUESTED

158. Parts I-III of this Complaint are incorporated in their entirety, as though fully set forth herein.

159. By way of additional relief Plaintiff seeks:

A) An order of the Court, after Defendants have filed Their Response, explaining wherein this Complaint is deficient and extending leave to amend same.

B) Trial by jury on all issues triable by jury.

C) Exemplary damages an amount that this Court finds just and equitable.

D) Any and all other relief that this Court finds just and equitable.

## PART XVII: VERIFICATION

I, Jaime Hernandez, being over the age of 18 and of (relatively) sound mind, do hereby certify, pursuant to 735 ILCS 5/1-109 and subject to the penalty of perjury, that all factual allegations made herein on personal knowledge are factitious and that all factual allegations herein made on information and belief I verily believe to be factitious.

_____
Jaime Hernandez

Respectfully submitted,

Jaime Hernandez
(mailing address)
318 SAgiWAw
CAlumetcity IL
60409

APPENDIX

30