IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JAMIE HERNANDEZ, | ) | |
| | ) | |
| Plaintiff, | ) | No. 09 C 0661 |
| v. | ) | |
| | ) | Judge Robert W. Gettleman |
| COOK COUNTY SHERIFF TOM DART, COOK COUNTY SHERIFF INVESTIGATOR ROBERT ANDERSON, COOK COUNTY SHERIFF DEPUTIES CHRISTOPHER OLEJARZ, #4525, JOHNSON, #5079, SGT. JAMES MORRISSEY (then #4283), CHRISTOPHER DANGLES, #5257, SGT THOMS BOYD, #301, GREG GAYDEN, #2432, CHAD A. HARRIS, SGT. RANDY RODRIGUEZ, #267, PHILLIP D. MACKEY, CHRISTINE MIGLERI, #3220, ERIC GROSS, #4043, JASON REYNOLDS, #3403, ATTORNEY DAVID WESSEL, ATTORNEY RUSSELL STEWART, COOK COUNTY CIRCUIT COURT JUDGE MARIA KURIAKOS-CIESIL, COOK COUNTY CIRCUIT JUDGE THOMAS MORE DONNELLY, COOK COUNTY ASSISTANT STATE'S ATTORNEYS ANDREA KIRSTEN, SARA KARR, PATRICK KELLY, PETER KRAMER (Cook County Sheriffs Office) and UNKNOWN OTHERS, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Jaime Hernandez has brought a rambling 13 count amended pro se complaint against defendants Cook County Sheriff Tom Dart, Cook County Sheriff Investigator Robert Anderson, Cook County Sheriff Deputies Christopher Olejarz, Johnson, Sgt. James Morrissey, Christopher Dangles, Sgt. Thomas Boyd, Greg Gayden, Chad A. Harris, Sgt. Randy Rodriguez, Phillip D. Mackey, Christine Migleri, Eric Gross, Jason Reynolds, Attorney David Wessel, Attorney Russell Stewart, Cook County Circuit Judge Thomas More Donnelly, Cook County

Assistant State's Attorneys Andrea Kirsten, Sara Karr, Patrick Kelly, Peter Kramer (Cook County Sheriff's Office) and unknown others (collectively, defendants) alleging various civil rights violations and common law torts. Defendants have moved to dismiss all 13 counts pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons described below, defendants' motion is granted.

## BACKGROUND

According to the complaint, on February 2, 2007, plaintiff was operating as a self-proclaimed, unofficial court-watcher at Sheila Mannix's hearing in the Circuit Court of Cook County, Illinois. He was asked by Cook County Sheriff Deputy Eric Gross to exit the courtroom. Upon exiting plaintiff and his fellow court-watchers were allegedly confronted by several other deputies and were asked to vacate the building. Plaintiff asserts that he inquired multiple times about the reason for his expulsion, but never received an answer. Plaintiff was then arrested and charged with criminal trespass to state supported land, two counts of resisting arrest, aggravated assault, and battery. The trespassing and assault counts were dropped prior to trial. A jury found plaintiff guilty of both counts of resisting arrest and battery and he was subsequently sentenced to 30 days in the Cook County Department of Corrections. The convictions have not been overturned. Plaintiff's initial 13-count complaint was assigned to the Judge Aspen, who dismissed in part plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. §1915. The case was then reassigned to this court pursuant to 28 U.S.C. §381.

Plaintiff has now filed a 13-count amended complaint again alleging: false imprisonment (Count I), false arrest (Count II), and malicious prosecution (Count III); violation of his First Amendment right for redress of grievances (Count IV); violation of his Fourteenth Amendment

2

due process rights (Count V); violation of this Fourteenth Amendment equal protections rights (Count VIII), retaliation for the exercise of rights (Count VII); Alienation of Spousal Affections (Count VI); civil conspiracy pursuant to 42 U.S.C. §1985 (Count IX); negligent failure to prevent civil conspiracy pursuant to 42 U.S.C. §1986 (Count X); violations of the Racketeering Influenced and Corrupt Organizations (RICO) Act (Count XI); negligent training and supervision (Count XII); and intentional infliction of emotional distress (Count XIII).[1] Plaintiff seeks a permanent injunction allowing him protection in and access to all Cook County courthouses for the purposes of his own litigation, all litigation of interest to him, all public events and visiting exhibits within Cook County courthouses, and full access to the Cook County law library. Plaintiff also seeks $50,000 in compensatory damages from each defendant, and all available punitive damages. Defendants have moved to dismiss all claims under Fed. R. Civ. P. 12(b)(6).

## DISCUSSION

### A. Legal Standard

When ruling on a 12(b)(6) motion to dismiss for failure to state a claim, the court accepts the complaint's well-pleaded factual allegations as true and draws all reasonable inferences in the plaintiff's favor. *Sprint Spectrum L.P. v. City of Carmel, Indiana,* 361 F.3d 998, 1001 (7th Cir. 2004). The complaint must describe the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds on which the claim rests. The allegations must plausibly suggest that the plaintiff has a right to relief, raising the possibility above the "speculative level."

---

[1] The claims for negligent training and IIED were not labeled in the complaint and have been assumed to be counts XII and XIII for the purposes of this opinion.

*Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S. Ct. 1955, 1964-73, 167 L.Ed.2d 929 (2007).

**B. Counts IV, V, VI, VII, IX, X, and XI**

After reviewing the original complaint as required under §1915, Judge Aspen dismissed counts IV (First Amendment violation for redress of grievances), V (violation of Fourteenth Amendment for due process), VI (alienation of spousal affections), VII (retaliation for the exercise of rights), IX (civil conspiracy), X (negligent failure to prevent conspiracy), and XI (violation of the RICO Act). Plaintiff has since repled each of these counts. Because none of the new allegations in the amended complaint cure the initial deficiencies found by Judge Aspen, the counts are again dismissed. For these reasons, defendants' motion to dismiss counts IV – VII, and IX – XI is granted.[2]

**C. Counts I-II (False Imprisonment and False Arrest)**

In Counts I and II plaintiff alleges that he was falsely imprisoned and falsely arrested by defendants. Defendants have moved to dismiss these claims, arguing that plaintiff has failed to plead that his convictions have been overturned. "The essential elements of a cause of action for false arrest or false imprisonment are that the plaintiff was retained or arrested by the defendant[s], and that the defendant[s] acted without having reasonable grounds to believe that an offense was committed by the plaintiff." *Meerbrey v. Marshall Field & Co.,* 139 Ill.2d 455, 474, 151 Ill.Dec. 560, 564 N.E.2d 1222, 1231 (Ill. 1990). However, "to recover damages for

---

[2]Plaintiff has contended in his response to defendant's memorandum that since Judge Aspen has been recused from the case at plaintiff's request his previous opinion should not be given merit. Judge Aspen did not recuse himself from the case. This case was simply reassigned pursuant to 28 U.S.C. §381, and Judge Aspen's opinion has never been vacated.

4

allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 486-487 (U.S. 1994). Therefore, plaintiff must not only sufficiently plead the essential elements for false arrest and imprisonment, but must also allege that recovery for those claims would not invalidate any prior convictions.

On September 4, 2008, plaintiff was found guilty of two counts of resisting arrest and one count of battery and was subsequently sentenced to 30 days in the Cook County Department of Corrections. Plaintiff has not alleged anywhere in his pleading that those convictions have been reversed, vacated, or called into question by any court. Under *Heck v. Humphrey*, this court must dismiss any claim that would invalidate these convictions. Plaintiff argues that since he was found not guilty of trespassing on state supported land, his arrest was unlawful because defendants lacked probable cause. "In a § 1983 actions for false arrest, probable cause need not have existed for the charge for which the plaintiff was arrested, so long as probable cause existed for arrest on a closely related charge." *Biddle v. Martin*, 992 F.2d 673, 676 (7th Cir. 1993). A criminal trespass charge can sufficiently justify to a disorderly conduct charge. *Biddle,* 992 F.2d at 676 (citing *Pfannstiel v. City of Marion,* 918 F.2d 1178, 1183). Similarly, plaintiff's arrest for trespass was supplemented by his charge of resisting arrest and battery. These charges were entwined together under the same set of facts. Therefore, any §1983 claims made by plaintiff that relate to his final arrest and eventual prosecution must be dismissed by this court until such

5

time when plaintiff can demonstrate that his convictions for resisting arrest and battery have been reversed or vacated. For these reasons, defendants' motion to dismiss Counts I and II is granted. **D. Count III (Malicious Prosecution)**

In Count III plaintiff alleges a state law claim for malicious prosecution against defendants. Defendants move to dismiss this claim arguing that plaintiff failed to allege termination of the prosecution in his favor. In Illinois a claim for malicious prosecution requires plaintiff to allege that: "(1) the defendant brought a criminal proceeding against the plaintiff; (2) the proceeding terminated in a manner indicative of innocence; (3) the defendant lacked probable cause to bring the proceeding; (4) the defendant acted out of malice; and (5) injury." *Porter v. City of Chicago,* 393 Ill.App.3d 855, 858 (Ill.App.Ct 2009).

In his amended complaint, plaintiff has admitted that he was found guilty for resisting arrest and battery. Because neither of these convictions have been reversed or vacated, the criminal proceedings were not terminated in his favor in a manner indicative of innocence. Accordingly, defendants' motion to dismiss count III is granted.

**E. Count VIII (Equal Protection)**

Plaintiff alleges that defendants racially discriminated against him and thereby violated his Fourteenth Amendment right to equal protection under the law. Plaintiff alleges that he is of Mexican-American heritage and was discriminated against by defendants because of that heritage. Essentially, plaintiff is alleging that he was discriminated against as a "class of one." To properly allege a class of one equal protection claim, "a plaintiff must allege 'that [he] has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment,'" *Jackson v. City of Chicago,* 521 F. Supp.2d 745, 750

6

(N.D. Ill. 2007) (citing *Village of Willowbrook v. Olech,* 528 U.S. 562, 564 (U.S. 2000). Plaintiff has alleged that there was no rational basis for his treatment by defendants other than his race.

The factual allegations of plaintiff's complaint do not support his claim of unequal treatment. According to the complaint, all the court watchers were asked to leave the building. The only alleged difference in treatment comes from plaintiff's resistance, of which the plaintiff was found guilty. Thus, the complaint alleges a rational basis for difference in treatment. Having failed to sufficiently state a class of one equal protection claim, the motion to dismiss count VIII is granted.

**F. Count XII (Negligent Training and Supervision)**

Plaintiff alleges that defendant sheriff is liable for "common law negligence as failure to train and supervise." From the language of the complaint it is unclear what specific cause of action the plaintiff is alleging. In his earlier opinion, Judge Aspen inferred from the text of the original complaint that plaintiff's assertions were more properly classified as a 42 U.S.C. §1983 claim for deprivation of rights through the negligent training and supervision of the defendants. *Hernandez* 635 F.Supp.2d at 812. "To state a § 1983 claim against a municipality or an officer sued in his official capacity, 'the complaint must allege that an official policy or custom not only caused the constitutional violation, but was the 'moving force' behind it.'" *Id.* (citing *Estate of Sims v. County of Bureau,* 506 F.3d 509, 514 (7th Cir.2007)). Judge Aspen's analysis of this claim was correct, and plaintiff has not amended his complaint to satisfy the above-mentioned test. The only official policies that plaintiff alludes to in his complaint are the Illinois law against official misconduct (720 ILCS 5/33-3) and the Constitution of the United States.

(Plaintiff's amended complaint ¶¶ 140.) Neither of these "policies" could be considered the moving force behind a constitutional violation. Plaintiff's complaint also fails to allege what constitutional violation is at issue for this negligence claim. For these reasons and the reasons enumerated by Judge Aspen, Count XII is dismissed.

## G. Count XIII (Intentional Infliction of Emotional Distress)

Count XIII alleges a claim for Intentional Infliction of Emotional Distress ("IIED"). "To state a cause of action for [IIED], a party must allege facts which establish that: (1) defendants' conduct was extreme and outrageous; (2) defendants intended to inflict severe emotional distress or knew that there was a high probability that the conduct would cause such distress; (3) defendants' conduct did, in fact, caused severe emotional distress." *Treece v. Village of Naperville,* 903 F. Supp. 1251, 1259 (N.D. Ill. 1995) (citing *Doe v. Calumet City,* 641 N.E.2d 498, 507 (Ill. 1994)). "Conduct is extreme and outrageous only if it is 'so outrageous in character and so extreme in degree, as to go beyond all possible bounds of decency.'" *Wardell v. City of Chicago,* 75 F. Supp.2d 851, 857 (N.D. Ill. 1999) (citing *Van Stan v. Fancy Colours & Co.,* 125 F.3d 563, 567 (7th Cir. 1997)).

Plaintiff alleges that defendants conduct was outrageous and intentional. Plaintiff also alleges that he suffered from "ulcer-like pains, nausea, and insomnia" directly after and in response to his initial arrest. However, "Illinois courts interpret [IIED] narrowly…holding that use of physical force by police during arrest, including throwing the plaintiff against a car, did not constitute extreme and outrageous conduct." *Bullock v. Barham,* 957 F. Supp. 154, 158 (N.D. Ill. 1997) (internal citation omitted). "In the context of an arrest and a use of force by the police, there must be allegations of more than a misuse of police authority to support a claim of

8

extreme and outrageous behavior. The police often times use force when arresting someone, sometimes lawfully and sometimes excessively. Even if the force is unlawfully excessive, that alone does not make it extreme and outrageous. If it did, every claim of excessive force could be accompanied by a claim for intentional infliction of emotional distress." *Carr v. Village of Richmond,* 1996 WL 663921 (N.D. Ill. 1996). In the instant case, plaintiff does not allege that defendants' conduct was particularly abusive, especially since it is undisputed that he resisted arrest. Therefore, plaintiff's allegation that defendants' conduct was extreme and outrageous is insufficient. Plaintiff has not alleged that any additional event outside of the arrest and subsequent prosecution caused his emotional distress. For the reasons stated herein, defendants' motion to dismiss count XIII is granted.

## CONCLUSION

For the aforementioned reasons and explanations, defendants' motion to dismiss is granted.

**ENTER:     July 8, 2010**

_____
**Robert W. Gettleman
United States District Judge**